```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA,      )
        Plaintiff,     )
                            )
    v.                          )     Civil Action No. 04-12185-RGS
                            )
$10,550.00 IN U.S. CURRENCY,   )
        Defendant.

**AFFIDAVIT IN SUPPORT OF MOTION
FOR ENTRY OF DEFAULT**

    I, Jennifer H. Zacks, state under oath as follows:

    1.    I am an Assistant United States Attorney. I represent the plaintiff, the United States of America, in this case. This is an action _in rem_ for forfeiture of the defendant $10,550 in United States currency (the "Defendant Currency"). Accordingly, this action is governed by the procedures set forth in the Federal Rules of Civil Procedure and in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

    2.    The Defendant Currency was seized on April 28, 2004, from Sonia Amarilis Romero Romero a/k/a Arquidia Maria Castillo at Logan International Airport, Boston, Massachusetts. Also present at the time the Defendant Currency was seized was Moreta Altagraia. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. §881(a)(6), on the grounds that it represents moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, Title 21, United States Code, Sections 801 _et seq_.

(the "Controlled Substances Act"), proceeds traceable to such an exchange, and/or moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Act, and therefore subject to seizure and forfeiture to the United States. In addition, the Defendant Currency is subject to forfeiture to the United States pursuant to 31 U.S.C. §5332(c), in that it represents property involved in a bulk cash smuggling violation, or in a conspiracy to commit such a violation, in that it represents more than $10,000 in currency or other monetary instrument knowingly concealed on the person or in any conveyance, article of luggage, merchandise, or other container, with the intent to evade a currency reporting requirement under 31 U.S.C. §5316, and transported or transferred and attempted to be transported or transferred from a place within the United States to a place outside the United States, or from a place outside the United States to a place within the United States.

    3.    The Complaint for Forfeiture <u>in</u> <u>Rem</u> was filed on October 19, 2004.

    4.    This Court issued a Warrant and Monition on October 21, 2004, directing the United States Marshals Service to give notice to all persons concerned that a Complaint <u>in</u> <u>Rem</u> had been filed, and to arrest and retain the Defendant Currency in its custody.

    5.    Notice of the United States' Complaint was published, in accordance with the Warrant and Monition, in the <u>Boston Herald</u>

newspaper on December 7, December 14, and December 21, 2004. A copy of the process receipt and return form and the published notice, executed by the U.S. Marshals Service, is attached as <u>Exhibit A</u>.

6.   Raquel Arias, who had asserted in administrative proceedings that she was the owner of the Defendant Currency, was served with a copy of the Complaint, and a copy of the Warrant and Monition, by certified mail, at 127 Deane Street, Apartment 3, New Bedford, Massachusetts on December 14, 2004, and via her attorney, Carlos J. Dominguez, on December 6, 2004. Copies of the receipts and returns for service are attached as <u>Exhibits B and C</u>. Arias did not file either a verified claim or answer to the Complaint.

7.   A number of attempts were made to serve both Sonia Amarilis Romero Romero and Areta Altagracia with copies of the Complaint the Warrant and Monition. Service was attempted by certified mail, at 91 Ames Street, Apartment 50-G, Dorcester, Massachusetts, 02124, the address Romero and Altagracia supplied at the time the Defendant Currency was seized. However, repeated attempts at service in December 2004 and January 2005 were unsuccessful. Copies of forms documenting attempting service on Romero and Altagracia are attached as <u>Exhibit D</u>. Neither Romero nor Altagracia has filed either a verified claim or answer to the Complaint.

8.   Under Supplemental Rule (C)(6), any person asserting an

3

interest in the Defendant Currency is required to file a claim within thirty (30) days after process has been executed and an answer within twenty (20) days after the filing of the claim.

9.  To date, no claims to the Defendant Currency or answers to the Complaint have been filed and the time for filing such claims and answers has expired.

10. To the best of my knowledge, and upon information and belief, neither Arias, Romero, Altagracia, nor anyone else with an interest in the Defendant Currency is in the military service of the United States, is an infant, or is incompetent.

Signed under the pains and penalties of perjury this 16th day of February, 2005.

*/s/ Jennifer Hay Zacks*
Jennifer H. Zacks
Assistant U.S. Attorney
